UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS WILLIAMS #243786,

        Plaintiff,                      Civil Action No. 24-12174

v.                                       Thomas L. Ludington
                                        United States District Judge

DELL BAKER, MARK
TRUXELL, MICHAEL KIRKEY,         David R. Grand
and JASON PARSONS,                United States Magistrate Judge

        Defendants.
_____/

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S
MOTION FOR APPOINTMENT OF COUNSEL (ECF Nos. 24, 28)
AND DENYING PLAINTIFF'S MOTION TO DELAY RULING ON
DEFENDANTS' MOTION TO DISMISS (ECF Nos. 25, 27)**

*Pro se* plaintiff Marcus Williams ("Williams"), an incarcerated person, filed a 42 U.S.C. § 1983 complaint against four MDOC prison officials ("Defendants"), accusing them of retaliating against him in violation of his rights under the First Amendment, of engaging in various forms of "deliberate indifference" in violation of his rights under the Eighth Amendment, and of discriminating against him in violation of his equal protection rights under the Fourteenth Amendment. (ECF No. 1). The case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b). (ECF No. 13).

On June 24, 2025, Defendants filed a Motion to Dismiss and for Summary Judgment (ECF No. 22). This motion is mostly focused on arguments under Rule 12(b)(6) that the allegations in Williams' complaint fail to state claims for relief. (*Id.*, PageID.67-76). The motion also argues under Rule 56 that Williams "did not exhaust several of his claims

against the MDOC Defendants" (*id.*, PageID.80-86). Rather than filing a substantive response to the Defendants' motion, Williams filed a motion seeking the appointment of counsel (ECF Nos. 24, 28) and a motion under Fed. R. Civ. P. 56(d) to delay resolution of the Defendants' motion until after he receives certain discovery (ECF Nos. 25, 27).[1] The Defendants filed a response to Williams' Rule 56(d) motion, and Williams filed a reply. (ECF Nos. 26, 29). For the reasons stated below, Williams' motions will be denied.

### Motion for Appointment of Counsel (ECF Nos. 24, 28)

Williams has filed a motion asking the Court to appoint counsel to represent him in this case. (ECF Nos. 24, 28). In his motion, Williams asserts that he has no assets or funds, has a "reading disability . . . 'Dyslexia,'" which can "prevent [him] from understanding [] [or] misinterpret[ing] [] [information] which the Court deems important," lacks "legal knowledge and understanding of the law," needs counsel to help him obtain documents he could not otherwise obtain due to his incarceration, and has a "serious medical condition . . . which causes the swelling and extreme pain in the hands and feet," which "makes it difficult at times to respond to anyone without focusing on the pain." (ECF No. 24). He contends that the appointment of counsel will enable him to get "a fair and equal opportunity in Court . . ." (*Id.*).

Pursuant to 28 U.S.C. §1915, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only

---

[1] It appears that both motions were filed in duplicate, though they bear different dates.

2

by exceptional circumstances," which depend on the type of case, the plaintiff's abilities to represent himself, the complexity of the factual and legal issues involved, and the claim's relative merits. *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted).

Having reviewed Williams' motion and other filings, and considering the relevant factors, the Court finds that he has not shown "exceptional circumstances" meriting the appointment of counsel. While the Court is sensitive to Williams' personal challenges, he has adequately articulated the basis of his action and appears capable of understanding the issues and advocating for himself. *See Richmond v. Settles*, 450 F. App'x 448, 450 (6th Cir. 2011) (finding that district court did not abuse its discretion in denying inmate plaintiff's Motion for Appointment of Counsel, considering the plaintiff's "inability to afford counsel, his limited access to a law library, and his limited knowledge of the law."); *see, e.g., Stewart v. United States*, 2017 WL 939197, at *1 (W.D. Tenn. Mar. 7, 2017) (finding appointment of counsel not warranted "on grounds that the issues in the case are 'too complex for him' and that he has 'extremely limited access to the law library,' is 'mentally ill,' 'does not have an education,' and has 'a limited knowledge of the law'... Nothing distinguishes this case from the numerous other petitions filed by indigent prisoners and Petitioner has been able to proceed proficiently on his own at all stages of this litigation"). Moreover, Williams has not shown an inability – should this case proceed through discovery – to obtain the information he will need to prosecute the case, and he will be able to utilize the same procedures authorized by the Federal Rules for obtaining discovery that an attorney could utilize.

For all of these reasons, **IT IS ORDRERED** that Williams' motion for appointment of counsel **(ECF Nos. 24, 28)** is **DENIED WITHOUT PREJUDICE**. Should Williams' case survive substantive dispositive motion practice and proceed to trial, he may file a renewed motion for the appointment of counsel at that time. And, even if such a renewed motion is denied, arrangements would be made for Williams to represent himself at trial.

**Rule 56(d) Motion (ECF Nos. 25, 27)**

As noted above, rather than filing a substantive response to Defendants' motion to dismiss or for summary judgment, Williams filed a motion to delay the due date for his response to that motion until after he receives certain specified discovery. (ECF Nos. 25, 27). That motion lacks merit.

Rule 56(d) provides:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Williams' motion suffers from a few flaws. First, the bulk of Defendants' motion is dedicated to arguing that Williams' complaint fails to state a claim for relief and that it should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency, meaning the

4

sufficiency of the factual allegations contained in the complaint.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Thus, in reviewing a motion to dismiss under Rule 12(b)(6), the Court's review is limited to "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

     Here, Williams did not attach any exhibits to his complaint, and Defendants' motion to dismiss rests entirely on the alleged inadequacy of the allegations in Williams' complaint.  There is thus no basis for Williams to seek discovery before responding to this aspect of Defendants' motion. *See e.g., Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) ("A plaintiff is not entitled to discovery before a motion to dismiss" is decided) (citing *Twombly*, 550 U.S. at 5.58-59); *Greve v. Bass*, No. 3:16-CV-372, 2017 WL 387203, at *2 (M.D. Tenn. Jan. 27, 2017) (explaining that generally, "a plaintiff is ... not entitled to discovery before a motion to dismiss has been decided, and allowing such discovery undermines the purpose of Federal Rule of Civil Procedure 12(b)(6), which is 'to enable defendants to challenge the legal sufficiency of complaints without subjecting

5

themselves to discovery.'") (*quoting Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003)).

Even as to Defendants' more factually-based "summary judgment" arguments on the issue of exhaustion, Williams has not shown that he needs discovery to file a proper response. As to this portion of their motion, related to whether Williams properly exhausted his claims against the named Defendants in this case, Defendants argue:

> Here, Williams's grievance records show that he filed three Step III grievances arising out of STF within the relevant time-frame—i.e., STF-1266, STF-634, and STF-519. To the extent that Williams might have exhausted any claims with these three grievances, exhaustion would be limited to the specific claims asserted at Step I against the individuals named or identified at Step I.

(ECF No. 22, PageID.81).

Defendants also supplied copies of Williams' Step III Grievance Report and the related grievance documents. (ECF No. 22-4). In his motion to delay his response brief, Williams requests that the Court order Defendants to produce a whole slew of documents – 20 different categories in all – some of which make vague references to different grievances, and others which appear to seek broad discovery aimed more at the merits of Williams' claims:

```
1  All the documents in pertaining to a grievance for intimidation
by Kirky around the end of May in 2023. With the identification
No. and the reason for the rejection (Policy PD 03 02.130 P)
(This will help answer 1 A and II B of Summary Judgement).

    * * * *
```

6

> 16. A printed copy of the actual job pool list for all the quartermaster details from dates 5-1-23 to 5-1-24. With copies of each updated list. (This will help answer I.B, I.C and I.D of Summary Judgement).
>
> 17. A printout that would provide the dates of every quartermaster job detail that was open and provided to an inmate from 5-1-23 to 5-1-24. (This will answer I.C, I.D, and I.E of Summary Judgement).
>
> * * * *
>
> 19. A document that will show every time a quartermaster detail was open in the time frame of 5-1-23 to 5-1-24. (This will help answer I.C, I.D and I.E of Summary Judgement).
>
> 20. A document that will show the actual date each working inmate was provided a detail in the quartermaster within the time frame of 5-1-23 to 5-1-24. (This will help answer I.C, I.D and I.E of Summary Judgement).

(ECF No. 25, PageID.141).

Rule 56(d) required Williams to provide "specified reasons" as to why, without the requested discovery, he cannot "present facts essential to justify" his opposition to Defendants' summary judgment motion. Williams' motion fall well short of that burden. As noted above, Defendants provided a listing of what they contend are all of Williams' grievances from the facility that he exhausted through all three steps of the MDOC's grievance process. Williams does not provide any explanation as to why any other grievance or the broader categories of documents he has requested would be relevant to Defendants' arguments; his vague and conclusory assertion that they will "help answer"

unspecified aspects of Defendants' arguments is not a "specified reason."

For all of these reasons, **IT IS ORDERED** Williams' motion to delay the deadline for his response to the Defendants' motion to dismiss or for summary judgment **(ECF Nos. 25, 27)** is **DENIED**.

Should Williams wish to oppose Defendants' motion to dismiss or for summary judgment, he must file a response thereto by **September 2, 2025**.  **Williams' failure to file a response by that deadline may result in the issuance of a Report and Recommendation that the Defendants' motion be granted.**

**IT IS SO ORDERED.**

Dated: August 11, 2025                s/David R. Grand
Ann Arbor, Michigan                   DAVID R. GRAND
                                      United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 11, 2025.

                                      s/Kristen Castaneda
                                      KRISTEN CASTANEDA
                                      Case Manager in the absence
                                      of Eddrey Butts