UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARCUS WILLIAMS,

                    Plaintiff,                              Case No. 1:24-cv-12174

v.                                                         Honorable Thomas L. Ludington
                                                           United States District Judge

DELL BAKER et. al.,
                                                           Honorable David R. Grand
                    Defendants.                            United States Magistrate Judge
_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, AND (2) GRANTING DEFENDANTS' MOTION IN PART AND
DENYING IT IN PART**

Plaintiff Marcus Williams is an inmate of the Michigan Department of Corrections

(MDOC) who was serving his sentence at the Central Michigan Correctional Facility (STF) at all

times relevant. On March 22, 2024, Plaintiff filed his *pro se* Complaint in the Western District of

Michigan, which was transferred to the Eastern District on August 19, 2024. In his Complaint,

Plaintiff alleges several claims arising out of 42 U.S.C. § 1983 including (1) retaliation in violation

of the First Amendment, (2) racial discrimination in violation of the equal protection clause of the

Fourteenth Amendment, (3) deliberate indifference of his serious medical needs in violation of the

Eighth Amendment against Defendants Dell Baker, M. Truxell, M. Kirky, and J., Parsons.[1] In

response, Defendants filed a motion to dismiss and a motion for summary judgment.

On May 5, 2026, the case and all matters were referred to Magistrate Judge David Grand.

On January 26, 2026, Magistrate Judge Grand issued a report (R&R) recommending that this Court

---

[1] The first names for Defendants Truxell, Kirky, and Parsons are unknown and were only
represented by their first letter initial in the Complaint. *See* ECF No. 1 at PageID.1.

grant Defendants' Motion to Dismiss and Motion for Summary Judgment in part and deny it in part. On February 18, 2026, Plaintiff timely objected to Magistrate Judge Grand's R&R. As explained below, the R&R will be adopted, Plaintiffs' Objections will be overruled, and the Defendants' Motion to Dismiss and Motion for Summary Judgment will be granted in part and denied in part.

**I.**

**A.**

Judge Grand neatly summarized the facts of the case as follows:

Williams' complaint arose when Baker fired him from his job working in the prison store. Williams alleges that while at work on May 19, 2023, he told Baker that he had a medical "call out." Baker said "OK" and Williams left. On May 22, 2025, Baker informed Williams that he "was terminated for going to [his] medical call out, without an itinerary." On May 23, 2023, Williams filed a grievance, alleging that Baker had lied about the reason for his "fictitious termination." In response to the grievance, classification director Kirkey told Williams that "quartermaster hours were shortened to reflect no inmates working without staff present," and that Williams "was removed from [his] assignment to accommodate these changes." He was also advised that he was "placed back in the quartermaster job pool and will be interviewed when a position becomes available." But as of December of 2023, Williams was still without a job and Kirkey allegedly "provided another inmate [] with a quartermaster detail [] [that] had been open since November 17, 2023."

In addition to his May 23, 2023, grievance against Baker for the alleged wrongful termination, on May 24, 2023, Williams "wrote a grievance on the warehouse/quartermaster supervisor Truxell [for] allowing me to be wrongfully terminated due to racial discrimination." In the grievance, Williams alleges that Truxell "look[ed] the other way when he knew I was being racially discriminated against and harassed." He also alleges that Truxell "failed with his performance to correctly supervise his new employee (Dell) [Baker]." During Inspector McCreery's interview of Williams to investigate this grievance, Williams alleged that Baker previously used the n-word in front of him and that Baker fired him for racial discrimination.

In response to the investigation of the grievance against Truxell, Truxell explained that Williams was fired because he would "just walk off the job without getting permission… was also found with homemade templates for making headbands and using Quartermaster material to make them . . . [and] was directed to help unload a truck and Williams did not do as instructed."

ECF No. 38 at PageID.244–46 (internal citations omitted).

In his Complaint, Plaintiff alleges several § 1983 claims, including (1) retaliation in violation of the First Amendment, (2) racial discrimination in violation of the equal protection clause of the Fourteenth Amendment, (3) deliberate indifference to his serious medical needs in violation of the Eighth Amendment against Defendants Baker, Truxell, Kirky, and Parsons. *See* ECF No. 1 at PageID.16–21.

**B.**

On May 5, 2025, the Court referred this case and all matters to Magistrate Judge Grand. ECF No. 13. On June 24, 2025, Defendants filed a Motion to Dismiss and a Motion for Summary Judgment. ECF No. 22.

Under their Summary Judgment Motion, Defendants argued that Plaintiff failed to exhaust (1) the racial discrimination claim against Defendant Baker, (2) the First Amendment retaliation claim against Defendant Baker, and (3) all claims against Defendants Kirky or Parsons because they were not named in any grievance. *Id.* at PageID.83–84. Judge Grand held that the racial discrimination claim against Defendant Baker was exhausted, but that Plaintiff had not fully exhausted his administrative remedies as pertaining to his First Amendment retaliation claim and the claims against Defendants Kirky and Parsons. ECF No. 38 at PageID.253–259. So, Judge Grand recommended summary judgment as to the First Amendment retaliation claim against Defendant Baker and as to all claims against Defendants Kirky and Parsons. Thus, Defendants Kirky and Parsons would be dismissed from the case.

Additionally, under their Motion to Dismiss, Defendants argued that Plaintiff had not pleaded facts sufficient to state a claim for (1) his equal protection claim against Defendant Baker

arising under the Fourteenth Amendment, (2) his Fourteenth Amendment Due Process claim against Defendant Baker also arising under the Fourteenth Amendment, (3) his Eighth Amendment claim against Defendant Baker, (4) and any claim against Defendant Truxel. ECF No. 22 at PageID.67–80. Judge Grand recommended that Plaintiff only pleaded facts sufficient to state the Fourteenth Amendment equal protection claim against Defendant Baker. *See* ECF No. 38 at PageID.260–62. So, Judge Grand recommended that all other claims must be dismissed for failure to state a claim. *Id.* at PageID.262–67.

On February 18, 2026, Plaintiff timely objected, but only as to the claims against Defendant Kirky. ECF No. 39.

## II.

A party may object to and seek review of an R&R. *See* FED. R. CIV. P. 72(b)(2). If a party properly objects, then "[t]he district judge must determine de novo" the part of the R&R to which the objection pertains. FED. R. CIV. P. 72(b)(3). A party must object timely and with specificity— failure to do so waives any right of appeal. *Thomas v. Arn*, 474 U.S. 140, 151, 155 (1985) (citation omitted); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Likewise, parties may not "raise at the district court stage new arguments or issues that were not presented" before the magistrate judge issues the R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing an R&R *de novo*, this Court must review at least the evidence the parties presented to the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court can accept, reject, or modify the R&R. FED. R. CIV. P. 72(b)(3).

**III.**

When a party objects to a magistrate judge's report, the court must review de novo those portions of the report to which the party has properly objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the magistrate judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F.Supp.3d 1014, 1017–18 (E.D. Mich. 2021). If the court adopts the R&R, then it may simply "state that it engaged in a de novo review of the record and adopts the report and recommendation" without "stat[ing] with specificity what it reviewed." *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005) (*Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); 12 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)), aff'd, 290 F. App'x 769 (6th Cir. 2008); *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012) ("[T]he district court's statement that it conducted de novo review is deemed sufficient").

This Court has reviewed Plaintiff's Complaint, ECF No. 1, Defendants' Motions, ECF No. 22, and Plaintiff's Objections, ECF No. 39; and all other applicable filings on the docket. Having conducted this *de novo* review, this Court concludes that Judge Grand's factual conclusions and legal reasoning are correct. For these reasons, Plaintiffs' Objections will be overruled, and the Magistrate Judge's recommendations will be adopted.

**IV.**

Accordingly, it is **ORDERED** that Magistrate Judge David R. Grand's Report and Recommendation, ECF No. 38, is **ADOPTED.**

Further, it is **ORDERED** that Defendants' Motion for Summary Judgement, ECF No. 22,

is **GRANTED** in part as it pertains to the First Amendment retaliation claim against Defendant Dell Baker, and all claims against Defendants Kirky or Parsons.

Further, it is **ORDERED** that Defendants' Motion for Summary Judgement, ECF No. 22, is **DENIED** in part as it pertains to the Fourteenth Amendment racial discrimination claims against Defendant Baker.

Further, it is **ORDERED** that Defendants' Motion to Dismiss, ECF No. 22, is **GRANTED** in part as it pertains to the Fourteenth Amendment Due Process claim against Defendant Dell Baker, the Eighth Amendment claim against Defendant Dell Baker, and all claims against Defendant Truxel.

Further, it is **ORDERED** that Defendants' Motion to Dismiss, ECF No. 22, is **DENIED** in part as it pertains to the Fourteenth Amendment equal protection claim against Defendant Dell Baker.

Further, it is **ORDERED** that Defendants Kirky, Parsons, and Truxel are dismissed from the case.

    **This is not a final order and does not close the above-captioned case.**

Dated: February 20, 2026                      s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge